UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

M.C. DEAN, INC., a Virginia corporation,

    Plaintiff,

v.

CITY OF MIAMI BEACH, FLORIDA AND INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 349,

    Defendant.

CASE NO:

# COMPLAINT

Plaintiff, M.C. Dean, Inc. (hereinafter "Plaintiff" or "M.C. Dean"), files this Complaint against the City of Miami Beach, Florida ("the City") and International Local Brotherhood of Electrical Workers, Local 349 ("Local 349"), and alleges:

## PARTIES

1.    Plaintiff M.C. Dean is a Virginia corporation with its principal place of business in Dulles, Virginia.

2.    Defendant City of Miami Beach, Florida is a municipal corporation and may be served with summons and complaint as provided by Fla. Stat. § 48.111.

3.    Defendant Local 349 is a labor organization which maintains offices at 1657 NW 17th Ave, Miami, Florida 33125 and may be served with summons and complaint at that address by service upon its Business Manager, William Riley, as provided by Fla. Stat. § 48.141.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the Defend Trade Secrets Act, 18 U.S.C. § 1836, as amended, provides for federal jurisdiction over

177936.1

civil actions based on the misappropriation of trade secrets. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court as defendants reside in this judicial district and a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTS

6. M.C. Dean is an electrical design-build and systems integration firm for complex, mission-critical organizations. M.C. Dean's ability to successfully design and build complex electrical projects is dependent upon its highly skilled electricians who are a product of M.C Dean's specialized recruitment and training. M.C. Dean invests a substantial amount of money and time identifying, recruiting, and training its employees. See Exhibit 1, Affidavit of Matthew Kilpatrick. M.C. Dean's employees also sign confidentiality agreements. The identity of M.C. Dean's employees and the specialized training they have received are very valuable to those such as Local 349 and others who do not have access to this information. See Exhibit 2, Affidavit of Steven Herscovici.

7. M.C. Dean is a subcontractor of Clark Construction Group, LLC ("Clark"), which is the general contractor for the Miami Beach Convention Center renovation project.

8. As part of its contractual obligations, M.C. Dean provides Clark with payrolls referred to as certified payrolls which contain private, personally identifying information such as names, addresses, social security numbers, and driver's license numbers of its employees along with other confidential information such as pay rates, fringe benefits, hours worked, and other similar information.

9. M.C. Dean discloses its confidential and proprietary information that is included

in these certified payrolls on a very limited basis and only when disclosure is required to comply with a legal obligation.  M.C. Dean provided this information to Clark and did not provide it to the City of Miami Beach.  See Exhibit 1.  M.C. Dean also limits dissemination of this information within the company to very specific and limited individuals as part of its efforts to keep the information confidential and not readily ascertainable.

10. Local 349 requested copies of certain M.C. Dean certified payrolls from the City of Miami Beach through a request made pursuant to Florida Public Records Act on or about March 4, 2016.

11. M.C. Dean objected to the disclosure of the payrolls and submitted a position statement along with an affidavit from a company representative and an expert setting forth the factual and legal basis for M.C. Dean's position that the records constituted trade secrets as defined by Fla. Stat. § 812.081 and could not be disclosed pursuant to Florida law, including but not limited to Fla. Stat. § 815.04.

12. Upon receipt of this position statement, the City determined that it would only disclose redacted certified payrolls to Local 349.  However, on or about the afternoon of March 21, 2016, a city clerk improperly and "inadvertently" disclosed unredacted copies of the payrolls to Local 349.

13. The City informed M.C. Dean of the wrongful disclosure on the morning of March 22, 2016. M.C. Dean immediately requested that the City take appropriate steps to secure the return of the unredacted copies from Local 349.  M.C. Dean also demanded that Local 349 delete any digital or electronic copies of the information and destroy any physical copies of the information.  Local 349 has refused to do so and has refused to return the information to the City. Defendants have misappropriated M.C. Dean's trade secrets which misappropriation is ongoing.

## COUNT I – VIOLATION OF DEFEND TRADE SECRETS ACT

14. M.C. Dean incorporates all previous paragraphs as if stated herein.

15. Defendants have misappropriated M.C. Dean's trade secrets as set forth above which are related to a service that is intended for use in interstate commerce.

16. Defendants' actions are willful and malicious as M.C. Dean objected to the disclosure of the trade secrets by the City of Miami Beach and Defendants have refused to destroy and/or to return same to M.C. Dean.

17. M.C. Dean is entitled to injunctive relief prohibiting further disclosure and use of the information and requiring the return of its trade secrets.

18. M.C. Dean is entitled to damages for the actual loss caused by the misappropriation of its trade secrets and for the unjust enrichment of Local 349 as a result of the wrongfully disclosed and obtained trade secrets.

19. M.C. Dean is entitled to exemplary damages and its attorneys' fees for the willful and malicious disclosure and appropriation which is ongoing.

## COUNT II – VIOLATION OF THE FLORIDA UNIFORM TRADE SECRETS ACT

20. M.C. Dean incorporates all previous paragraphs as if stated herein.

21. Under the Florida Uniform Trade Secrets Act ("FUTSA"), found at Fla. Stat. § 688.001, et seq., M.C. Dean's confidential information is protected as trade secrets because the name, address, and other personally identifying information such as social security numbers, driver's license numbers, pay rates, fringe benefits, hours worked and similar information which is included on the payrolls is the property of M.C. Dean. M.C. Dean protects this information to the greatest extent possible and does not disclose it except under very limited circumstances, even within the company. The information compiled by M.C. Dean requires a substantial

investment and is valuable to others such as Local 349 who do not have access to this information.

22. The City of Miami Beach improperly disclosed the trade secrets and Local 349 improperly obtained the trade secrets when the City of Miami Beach disclosed the unredacted payrolls despite the City's representations to M.C. Dean that it would only provide redacted payrolls. Despite the City's and M.C. Dean's demand for the return and/or destruction of the information, Local 349 refuses to do so. But for the City's improper disclosure of the information, Local 349 would not have access to it.

23. M.C. Dean has not provided Defendants with any express or implied authorization to take, possess or utilize its confidential information.

24. M.C. Dean is entitled to injunctive relief under the FUTSA, preventing Defendants from further disclosing and/or using M.C. Dean's trade secrets and requiring the return of M.C. Dean's trade secrets.

25. M.C. Dean is also entitled to actual and exemplary damages under the FUTSA against Defendants for the willful and malicious disclosure, misappropriation, and use of M.C. Dean's confidential information.

26. M.C. Dean is entitled to recover its attorneys' fees under the FUTSA due to Defendants' willful and malicious disclosure, misappropriation and use of M.C. Dean's confidential information.

**PRAYER FOR RELIEF**

WHEREFORE, M.C. Dean's respectfully prays that this Court provide the following relief in this matter:

(A) injunctive relief preventing Defendants from further disclosing and/or using M.C. Dean's trade secrets and requiring the return of M.C. Dean's trade secrets;

(B) actual damages in amount to be determined at trial, but not less than $75,001, to compensate M.C. Dean for the actual loss caused by the wrongful disclosure and misappropriation of its trade secrets;

(C) compensation to M.C. Dean based on Local 349's unjust enrichment as a result of the wrongful disclosure and misappropriation of M.C. Dean's trade secrets in an amount to be determined at trial, but not less than $75,001;

(D) exemplary damages based on the willful and malicious actions of the Defendants; and

(E) M.C. Dean's attorneys' fees.

**BALCH & BINGHAM, LLP**

*/s/ Jeffrey S. York*
Jeffrey S. York, Esq.
Florida Bar No. 987069
Robert P. O'Linn, Esq.
Florida Bar No. 107378
841 Prudential Drive, Suite 1400
Jacksonville, FL  32207
Telephone: (904) 348-6862
Facsimile: (866) 230-9972
jyork@balch.com

*Attorneys and Trial Counsel for Plaintiff M.C. Dean, Inc.*